UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

NML CAPITAL, LTD. and EM LTD.,

        Plaintiffs,

- against -

THE REPUBLIC OF ARGENTINA and BANCO DE LA NACIÓN ARGENTINA,

        Defendants.

08 Civ. 7974 (TPG)

------------------------------------x

NML CAPITAL, LTD.,

        Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

        Defendant.

03 Civ. 8845 (TPG)
05 Civ. 2434 (TPG)
06 Civ. 6466 (TPG)
07 Civ. 1910 (TPG)
07 Civ. 2690 (TPG)
07 Civ. 6563 (TPG)
08 Civ. 2541 (TPG)
08 Civ. 3302 (TPG)
08 Civ. 6978 (TPG)
09 Civ. 1707 (TPG)
09 Civ. 1708 (TPG)

------------------------------------x

EM LTD.,

        Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

        Defendant.

03 Civ. 2507 (TPG)

------------------------------------x

**REPLY MEMORANDUM OF LAW OF BANCO DE LA NACIÓN ARGENTINA (1) IN FURTHER OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 30, 2009 OPINION; AND (2) IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR ALTER EGO COMPLAINT**

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

POINT I   PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S
DISMISSAL OF THE COMPLAINT SHOULD BE DENIED .............................. 3

    A.   The Court Applied the Correct Standard to BNA's 12(b)(1) Motion to Dismiss ... 3
    B.   The Court Did Not Overlook Any Controlling Facts In Dismissing The Alter Ego
       Complaint ................................................................................................................ 6

POINT II  PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE ALTER EGO
COMPLAINT SHOULD BE DENIED ON THE GROUND THAT THE PROPOSED
AMENDMENT WOULD BE FUTILE ................................................................... 6

    A.   Allegations Concerning Loans To The Republic ................................................... 7
    B.   Allegations Concerning Political Objectives ......................................................... 8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES** Page(s)

*Azurite Corp. Ltd. v. Amster & Co.,*
   844 F.Supp. 929 (S.D.N.Y 1994) ................................................................................6

*Baglab Ltd v. Johnson Matthey Bankers Ltd.,*
   665 F. Supp. 289 (S.D.N.Y. 1987) ...........................................................................3, 5

*Cargill International S.A. v. Pavel Dybenko,*
   991 F.2d 1012 (2d Cir. 1993) .....................................................................................3

*EM Ltd. v. Republic of Argentina,*
   No. 08 Civ. 7974 (TPG), 2009 WL 3149601 (S.D.N.Y. Sept. 30, 2009) ...........5, 8, 9

*First National City Bank v. Banco Para El Comercio Exterior de Cuba ("Bancec"),*
   462 U.S. 611 (1983) ................................................................................................8, 9

*Foman v. Davis,*
   83 S.Ct. 227 (1962) .....................................................................................................6

*Gabay v. Mostazafan Foundation of Iran,*
   968 F. Supp. 895 (S.D.N.Y. 1997) .............................................................................5

*In re Terrorist Attacks On September 11, 2001,*
   538 F. 3d 71 (2d Cir. 2008) ........................................................................................3

*Ricciuti v. N.Y.C. Transit Authority,*
   941 F.2d 119 (2d Cir. 1991) .......................................................................................7

*Robinson v. Government of Malaysia,*
   269 F.3d 133 (2d Cir. 2001) ........................................................................3, 4, 5, 10

*Shrader v. CSX Transp., Inc.,*
   70 F.3d 255 (2d Cir.1995) ..........................................................................................1

*Virtual Countries, Inc. v. Republic of South Africa,*
   300 F.3d 230 (2d Cir. 2002) .......................................................................................3

**RULES AND STATUTES**

Fed. R. Civ. P. 12(b)(1) ................................................................................... passim

Defendant Banco de la Nación Argentina ("BNA") respectfully submits this reply memorandum of law (1) in further opposition to the motion filed by plaintiffs NML Capital, Ltd. and EM Ltd. for reconsideration of the Court's September 30, 2009 Opinion as it relates to the dismissal of plaintiffs' Alter Ego Complaint;[1] and (2) in opposition to plaintiffs' motion for leave to amend their Alter Ego Complaint. BNA also joins in full in the reply brief of the Republic.

## PRELIMINARY STATEMENT

In light of plaintiffs' withdrawal of their motions to confirm the May 2010 Orders and for reconsideration of this Court's September 30, 2009 Opinion as they relate to the attachments and restraints on BNA's property,[2] the only issues remaining with respect to BNA are (1) plaintiffs' motion for reconsideration of the Court's dismissal of their Alter Ego Complaint; and (2) plaintiffs' motion to amend their Alter Ego Complaint.[3]

On these limited issues, Plaintiffs' Supplemental Reply Brief, dated September 3, 2010 ("Plts' Supp. Reply Br."), repeats yet again plaintiffs' prior arguments for reconsideration. Over the course of this litigation, plaintiffs have submitted four briefs dedicated to the reconsideration of the 2009 Opinion and five briefs arguing against the dismissal of the Alter Ego Complaint. But each of these submissions has failed to meet the strict standard for reconsideration because neither of the two recognized grounds for granting a motion for reconsideration is available to plaintiffs here. In a motion for reconsideration, the moving party must "point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Here, plaintiffs fail to show that the Court overlooked either controlling law or facts.

---

[1] Terms defined in Banco De La Nación Argentina's Memorandum Of Law dated July 30, 2010 ("BNA's July 30, 2010 Brief") shall be ascribed the same meaning herein.

[2] "... Plaintiffs have decided to withdraw their motion for reconsideration of the September 2009 Opinion and motion to confirm the May 2010 Orders only insofar as those motions relate to Plaintiffs' attachments and restraints of property held nominally by BNA." Plts' Supp. Reply Br., p. 3.

[3] Plaintiffs withdrew their motion to confirm the May 2010 Orders insofar as it relates to BNA property, and on September 17, 2010 the parties stipulated that no restrictions on BNA's property resulting from the 2008 Orders or May 2010 Orders remain in effect.

Plaintiffs argue that the Court, in dismissing the Alter Ego Complaint, "neither recites nor applies the controlling standards of review." Plts' Supp. Reply Br., p. 4. However, there is no indication that the Court applied an incorrect standard or overlooked a controlling decision in dismissing the complaint. Likewise, plaintiffs cannot show that the Court overlooked any controlling facts in reaching its decision. On the contrary, in its analysis, the Court carefully considered each category of allegation put forth by plaintiffs and specifically determined that such allegations were insufficient to establish an alter ego relationship, therefore finding lack of subject matter jurisdiction over BNA.

Similarly, plaintiffs fail to establish a basis for granting leave to amend their initial Alter Ego Complaint. Plaintiffs' most recent proposed amended complaint (the "Second Proposed Amended Complaint")[4] repeats verbatim virtually all of the Alter Ego Complaint. Aside from updating the status of plaintiffs' various actions against the Republic [Second Proposed Amended Complaint ¶¶ 14-27, 45, 48, 53, 60, 64-67], the only relevant difference between the Alter Ego Complaint and the Second Proposed Amended Complaint are two additional allegations: (1) "[m]ost recently, Argentina has 'borrowed' billions of dollars from BNA's coffers on terms that are exceedingly favorable to the government;" and (2) the Republic "forc[es] [BNA] to give effect to the government's political objectives rather than allowing [BNA] to operate on commercial criteria." Second Proposed Amended Complaint ¶¶ 4, 30. However, as discussed at length in BNA's July 30, 2010 Brief and accompanying declarations, and below, these additional allegations do not bring plaintiffs any closer to establishing the day-to-day control over BNA or abuse of the corporate form, as required for an alter ego determination, or that recognizing BNA's separate status would work a fraud or injustice on the

---

[4] Plaintiffs filed a second proposed amended complaint on September 3, 2010, replacing their original proposed amended complaint, which was attached as Exhibit 20 to the Declaration of Suzanne M. Grosso, dated May 28, 2010, and which contained erroneous information regarding an alleged amendment to BNA's Charter.

2

plaintiffs. Thus, the Court's reasoning in dismissing the Alter Ego Complaint applies equally to the Second Proposed Amended Complaint and calls for the same result.[5] Under these circumstances, no purpose would be served by permitting plaintiffs to amend or to engage in wishful discovery in the hope that they might come upon facts to construct a viable claim.

## ARGUMENT

## POINT I

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S DISMISSAL OF THE COMPLAINT SHOULD BE DENIED

### A.   The Court Applied the Correct Standard to BNA's 12(b)(1) Motion to Dismiss

The proper standard for deciding a Fed. R. Civ. P. 12(b)(1) motion in an FSIA case relies on a burden shifting analysis.  First, the defendant must establish a prima facie case that it is a sovereign state or an agency or instrumentality of a foreign state.  Then, the burden shifts to the plaintiff to produce evidence that one or more of the exceptions to FSIA immunity applies. Finally, **if, and only if,** the plaintiff has met its burden of production, the defendant must prove, by a preponderance of the evidence, that none of the exceptions to immunity apply. *See Baglab Ltd v. Johnson Matthey Bankers Ltd.*, 665 F. Supp. 289, 293-94 (S.D.N.Y. 1987); *In re Terrorist Attacks On September 11, 2001*, 538 F. 3d 71, 80 (2d Cir. 2008); *Virtual Countries, Inc. v. Republic of South Africa,* 300 F.3d 230, 241 (2d Cir. 2002); *Robinson v. Government of Malaysia*, 269 F.3d 133, 140-41 (2d Cir. 2001); *Cargill International S.A. v. Pavel Dybenko*, 991 F.2d 1012, 1016 (2d Cir. 1993).  BNA's moving papers placed this standard before the Court. See Memorandum of Law of Banco de la Nación Argentina in Support of its Motion to Dismiss the Complaint, dated April 8, 2009, at p. 10.

---

[5] BNA incorporates by reference all of its filings to date in Case No. 08 Civ. 7974.

Plaintiffs argue that the Court should have used a summary judgment standard, and they contend, incorrectly, that in order to reach the conclusion that BNA is not an alter ego of the Republic, the Court must have improperly weighed the parties' competing versions of the facts and made a factual determination in favor of BNA. Plts' Supp. Reply Br., p. 5. According to plaintiffs, the Court may not resolve factual disputes on a 12(b)(1) motion "when the facts necessary to sustain jurisdiction implicate the very merits of a plaintiffs' cause of action." *Id.* Plaintiffs' argument fails for two reasons.

First, on a 12(b)(1) motion concerning subject matter jurisdiction under the FSIA, the court is not only permitted to make factual determinations, it is **required** to do so.

> In assessing whether a plaintiff has sufficiently alleged or proffered evidence to support jurisdiction under the FSIA, a district court **must** review the allegations in the complaint, the undisputed facts, if any, placed before it by the parties, and – if the plaintiff comes forward with sufficient evidence to carry its burden on this issue – **resolve disputed issues of fact**, with the defendant foreign sovereign shouldering the burden of persuasion.

*Robinson*, 269 F.3d 133 at 141 (emphasis supplied). Whether such factual resolutions also go to the ultimate merits of the case is immaterial. As noted by the majority in *Robinson*, "[i]nevitably, the jurisdiction and merits inquiries overlap to the extent that each requires examination of the applicable substantive law." *Id.* at 142. However, permitting district courts to make factual determinations "preserves the effectiveness of the immunity doctrine by avoiding putting the foreign government defendant to the expense of defending what may be a protracted lawsuit without an opportunity to obtain an authoritative determination of its amenability to suit at the earliest possible opportunity." *Id.* (quotations and citations omitted). The majority in *Robinson* discussed numerous cases in which the Second Circuit and other circuit courts made determinations on 12(b)(1) motions that also went to the merits of the case, noting that "a dismissal for lack of subject matter jurisdiction in an FSIA case, because it may

4

involve an examination of substantive law, 'can look like a decision on the merits.'" *Id.* at 143-44 (internal citations omitted). If the Court were to accept plaintiffs' argument, a 12(b)(1) motion involving an alter ego complaint relating to a sovereign state or instrumentality thereof could never be granted because the jurisdictional issue would in every case turn on the substantive law of alter ego liability. Of course, this is not the case. *See Gabay v. Mostazafan Foundation of Iran*, 968 F. Supp. 895, 899 (S.D.N.Y. 1997) ("Simply put, the facts developed by Gabay do not show that the Iran Foundation exercised control over the day-to-day activities of the New York Foundation, and thus the Court does not have subject matter jurisdiction over this action."); *Baglab*, 665 F. Supp. at 297 (Complaint dismissed for lack for subject matter jurisdiction where alter ego relationship was not established and, therefore, bank's commercial activities could not be imputed to alleged alter ego). Both *Gabay* and *Baglab* applied the burden shifting analysis to 12(b)(1) motions.

Second, there is no indication that the Court actually did choose BNA's version of events over plaintiffs' version. On the contrary, in the Opinion the Court credited plaintiffs' factual allegations and found that plaintiffs failed to meet their burden of production. For example, the Court found that "[t]he evidence indicates that there were instances when the Republic required BNA to do financing for certain economic sectors of the country and for particular businesses. But, in the view of the court, these circumstances did not add up to a degree of de facto ownership or control of BNA's funds sufficient to justify an alter ego ruling." *EM Ltd. v. Republic of Argentina*, No. 08 Civ. 7974 (TPG), 2009 WL 3149601, (S.D.N.Y. Sept. 30, 2009), at *6. This is entirely proper, as even if the Court were to credit plaintiffs' allegations in their entirety, plaintiffs failed to proffer sufficient evidence to establish an alter ego relationship between BNA and the Republic.

### B. The Court Did Not Overlook Any Controlling Facts In Dismissing The Alter Ego Complaint

Whether due to lack of objectivity or overzealous advocacy, plaintiffs apparently cannot fathom that the Court took into consideration all of their factual allegations in reaching its determination. However, the Opinion demonstrates that far from overlooking any controlling evidence, the Court methodically organized plaintiffs' allegations into four categories and carefully considered each of the categories in rendering its ruling.

Because plaintiffs have failed entirely to identify a controlling decision or evidence overlooked by the Court, their motion for reconsideration should be denied.

### POINT II

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE ALTER EGO COMPLAINT SHOULD BE DENIED ON THE GROUND THAT THE PROPOSED AMENDMENT WOULD BE FUTILE

Leave to amend a complaint should not be granted where the amendment would be futile. *Foman v. Davis*, 83 S.Ct. 227, 230 (1962); *Azurite Corp. Ltd. v. Amster & Co.*, 844 F.Supp. 929, 939 (S.D.N.Y 1994) ("Although Rule 15 makes clear that leave to amend must be freely granted, it may be denied when the amendment would be futile."). Plaintiffs' proposed amendment would be futile, as the Second Proposed Amended Complaint would be subject to dismissal on the same grounds upon which the original Alter Ego Complaint was dismissed, namely because the Republic does not control the day-to-day activities of BNA and BNA is not an alter ego of the Republic.

The only relevant differences between the Alter Ego Complaint and the Second Proposed Amended Complaint are two additional allegations: (1) "[m]ost recently, Argentina has 'borrowed' billions of dollars from BNA's coffers on terms that are exceedingly favorable to the government;" and (2) the Republic "forc[es] [BNA] to give effect to the government's political

6

objectives rather than allowing [BNA] to operate on commercial criteria." Second Proposed Amended Complaint ¶¶ 4, 30. Amending the Alter Ego Complaint to add these allegations would be futile because these additional allegations do not in any way establish the day-to-day control or abuse of corporate form necessary for an alter ego determination. Nor do they support an argument that recognizing BNA's separate status would work a fraud or injustice on plaintiffs. As discussed below, BNA has proffered extensive evidence through declarations and supporting documentation that the Loans of which plaintiffs complain comply with BNA's Charter and are commercially reasonable transactions at market rates. Plaintiffs offer no rebuttal to BNA's evidence. Therefore, the Second Proposed Amended Complaint, just like the original Alter Ego Complaint, would be subject to dismissal for lack of subject matter jurisdiction. "When the plaintiff has submitted a proposed amended complaint, the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2d Cir. 1991).

### A. Allegations Concerning Loans To The Republic

The allegation in the Second Proposed Amended Complaint concerning the Loans to the Republic is insufficient to establish that BNA is an alter ego of the Republic because the Loans, which were discussed at length in BNA's July 30, 2010 Brief and the declarations submitted therewith, demonstrate neither day-to-day control over BNA nor abuse of BNA's corporate form.

The Loans also do not demonstrate, as previously alleged by plaintiffs, that the Republic is using BNA's funds as its own. As discussed in BNA's July 30, 2010 Brief, the Loans comply in all respects with BNA's Charter and Argentine Law: (1) they are backed by special guaranties which allow for the automatic reimbursement of the Loans in the event of default; (2) they do not exceed 30 percent of the Republic's deposits at BNA; and (3) they are being used for the purposes set forth in Article 74. Moreover, the interest rates on the Loans are comparable to the

7

rates charged by BNA on other commercial loans and the Republic is completely current in its repayments to BNA, having paid 831,588,138 pesos and US$1,786,520 in interest and 2,420,856,666 pesos in principal on the Loans as of July 7, 2010. Contrary to plaintiffs' assertions, rather than an imposition, the Loans actually benefit BNA. The fact that the Republic is repaying the Loans, with interest, by itself belies any claim that the Republic is treating BNA's funds as its own. Not only have plaintiffs failed to offer any rebuttal to BNA's evidence regarding the Loans, they also have taken the extreme step of withdrawing their motion to confirm the May 2010 Orders, the issuance of which was premised entirely on these very Loans. By now raising the Loans as a reason to amend the complaint, plaintiffs are clinging to an issue that would be futile to revisit.

### B. Allegations Concerning Political Objectives

Plaintiffs' second new allegation, that the Republic "forc[es] [BNA] to give effect to the government's political objectives rather than allowing [BNA] to operate on commercial criteria," likewise does nothing to establish an alter ego relationship between the Republic and BNA. This is no different from prior allegations that this Court specifically rejected as insufficient to establish an alter ego relationship. "[I]nstances when the Republic required BNA to do financing for certain economic sectors of the country and for particular businesses . . . [do] not add up to a degree of de facto ownership or control of BNA's funds sufficient to justify an alter ego ruling." *EM Ltd. v. Republic of Argentina*, 2009 WL 3149601, at *6.

As discussed in BNA's July 30, 2010 Brief, this holding is in keeping with *First National City Bank v. Banco Para El Comercio Exterior de Cuba ("Bancec")*, 462 U.S. 611 (1983), which recognized that the typical governmental agency or instrumentality is created to support governmental policies. The test of whether a government instrumentality is in reality an alter ego of its foreign sovereign has nothing to do with whether the instrumentality is engaged in

8

"political" versus commercial activities.  Instead, the cases focus on whether the government controls the day-to-day activities of the instrumentality or ignores the separate status to the extent that the instrumentality has no separate existence of its own.  Plaintiffs' allegations of political motives, even if true, in no way support a finding that BNA is an alter ego of the Republic.  But the allegations here suffer further from the fact that the commercial benefit derived by BNA through its participation in certain banking business criticized by plaintiffs drives home the point that plaintiffs have failed to show that the Republic in any way "forces" BNA to give effect to the Republic's "political objectives."  See Second Supp. Fabrega Decl., ¶ 21.

Having failed to raise any allegations in any of their voluminous filings in this action, including the Alter Ego Complaint and the two proposed amended complaints, that would satisfy the requirements for an alter ego finding, plaintiffs plead for an opportunity to conduct discovery.  However, it would serve no purpose to allow plaintiffs to take discovery based on allegations that, under *Bancec* and its progeny, do not support an alter ego determination.  For example, plaintiffs have gone to great lengths arguing that the Republic forces BNA to pursue "political objectives."  But, under *Bancec*, and as recognized by this Court, such allegations do "not add up to a degree of de facto ownership or control of BNA's funds sufficient to justify an alter ego ruling."  *EM Ltd. v. Republic of Argentina*, 2009 WL 3149601, at *6.  Plaintiffs similarly have failed to come forward with any evidence that the Loans of which they complain in any way support a finding that BNA is an alter ego of the Republic.  Indeed, plaintiffs in their Supplemental Reply Brief have failed to respond at all to the overwhelming evidence submitted by BNA concerning the propriety of the Loans.

Because plaintiffs have failed to meet their burden of coming forward with evidence that subject matter jurisdiction exists over BNA, it would be improper to subject BNA to costly

9

pretrial discovery. *See Robinson*, 269 F.3d at 146 (improper to allow discovery where plaintiffs did not meet their burden of production of jurisdictional facts.). To allow discovery under these circumstances would be "at odds with the goal of the FSIA to enable a foreign government to obtain an early dismissal when the substance of the claim against it does not support jurisdiction." *Id*.

Because the Second Proposed Amended Complaint would be subject to dismissal for lack of subject matter jurisdiction for the same reasons set forth in BNA's motion to dismiss the original Alter Ego Complaint, and adopted by this Court in its September 30, 2009 Opinion, plaintiffs' motion for leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motions for reconsideration of the Court's September 30, 2009 Opinion as it relates to dismissal of the Alter Ego Complaint and for leave to amend the Alter Ego Complaint should denied.

Dated: New York, New York
September 21, 2010

Respectfully submitted,

DORSEY & WHITNEY LLP

By: /s/ Mark S. Sullivan
  Mark S. Sullivan (sullivan.mark@dorsey.com)
  Mario Diaz-Cruz, III
    (diaz.cruz.mario@dorsey.com)
  Laura M. Lestrade (lestrade.laura@dorsey.com)

250 Park Avenue
New York, New York 10177
(212) 415-9200

Attorneys for Defendant
Banco de la Nación Argentina