USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NML CAPITAL, LTD. and EM LTD.,

        Plaintiffs,

- against -

THE REPUBLIC OF ARGENTINA and BANCO
DE LA NACIÓN ARGENTINA,

        Defendants.
------------------------------------------------------------x
NML CAPITAL, LTD.,

        Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

        Defendant.
------------------------------------------------------------x
EM LTD.,

        Plaintiff,

- against -

THE REPUBLIC OF ARGENTINA,

        Defendant.
------------------------------------------------------------x

08 Civ. 7974 (TPG)

03 Civ. 8845 (TPG)
05 Civ. 2434 (TPG)
06 Civ. 6466 (TPG)
07 Civ. 1910 (TPG)
07 Civ. 2690 (TPG)
07 Civ. 6563 (TPG)
08 Civ. 2541 (TPG)
08 Civ. 3302 (TPG)
08 Civ. 6978 (TPG)
09 Civ. 1707 (TPG)
09 Civ. 1708 (TPG)

03 Civ. 2507 (TPG)

## STIPULATION AND CONSENT ORDER

       WHEREAS on September 12, 2008 the Court issued *ex parte* orders of attachment and restraining orders (collectively, the "2008 Orders") concerning, *inter alia*, "Asset Pledge" deposits and "Asset Pledge" accounts of defendant Banco de la Nación Argentina ("BNA") maintained at HSBC Bank USA, NA ("HSBC"), including all certificates of deposit, with all interest thereon, including those issued by Banco Latinomericano de Exportaciones S.A., for account of BNA and in the custody of HSBC (the "Asset Pledge Accounts"); and

       WHEREAS on September 19, 2008 Plaintiffs moved to confirm the 2008 Orders; and

WHEREAS on October 31, 2008 BNA and defendant The Republic of Argentina (the "Republic") moved to vacate the 2008 Orders;. and

WHEREAS on September 30, 2009, the Court issued an Opinion (the "September 30, 2009 Opinion") (i) denying the motion to confirm the 2008 Orders except with respect to the restraining order directed to the ANPCT Account (as defined in the September 30, 2009 Opinion); (ii) granting BNA's and the Republic's motions to dismiss the complaint; (iii) granting BNA's and the Republic's motions to vacate the 2008 Orders except with respect to the restraining order directed to the ANPCT Account; and (iv) directing the parties to settle appropriate orders to implement the September 30, 2009 Opinion; and

WHEREAS on October 15, 2009, Plaintiffs filed a motion for reconsideration of certain aspects of the September 30, 2009 Opinion; and

WHEREAS on May 28, 2010, the Court issued an *ex parte* attachment order directed to the ANPCT Account, the Asset Pledge Accounts and any property of BNA maintained at HSBC Bank and JP Morgan Chase Bank (the "2010 Order"); and

WHEREAS on June 2, 2010, Plaintiffs moved to confirm the 2010 Order; and

WHEREAS on June 11, 2010, the Court signed a Stipulation and Consent Order that clarified the scope of the 2010 Order with respect to the restraints and attachments on accounts of BNA maintained at HSBC Bank (the "HSBC Account") and JP Morgan Chase Bank (the JP Morgan Chase Account") and provided that such restraints and attachments would remain in place pending further order of this Court; and

WHEREAS on July 30, 2010, the Republic and BNA moved to vacate the 2010 Order; and

WHEREAS, on September 3, 2010, Plaintiffs i) withdrew their motion for reconsideration of the September 30, 2009 Opinion insofar as it relates to the attachment and restraint of any property of BNA (including specifically the Asset Pledge Accounts) and ii) withdrew their motion to confirm the 2010 Order insofar as it relates to the attachment of any property of BNA (including specifically the HSBC Account and the JP Morgan Chase Account); and

WHEREAS, the parties now agree that no attachments, restraints or other restrictions on BNA's property resulting from the 2008 Orders or the 2010 Order (including specifically the Asset Pledge Accounts, the HSBC Account and the JP Morgan Chase Account) should remain in effect, without prejudice to Plaintiffs' right, if any, to seek to restrain, attach or execute against such property in the future, or to the rights of BNA or the Republic to oppose any such efforts.

Now, THEREFORE, it is STIPULATED and AGREED by and among Plaintiffs, BNA and the Republic, and hereby:

ORDERED that the 2008 Orders and the 2010 Order, as they relate to property of BNA, are hereby vacated and, as a result, no restraints, attachments or other restrictions remain on any property of BNA, including but not limited to the Asset Pledge Accounts, the HSBC Account and the JP Morgan Chase Account.

Dated: New York, New York
September 17, 2010

| DECHERT LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| By: _____/MSJ<br>Robert A. Cohen<br>Dennis H. Hranitzky | By: _____/MSS<br>Carmine D. Boccuzzi, Jr.<br>Christopher P. Moore |
| 1095 Avenue of the Americas<br>New York, New York  10036 | One Liberty Plaza<br>New York, NY  10006 |

3

Tel. (212) 698-3500

*Attorneys for*
*Plaintiff NML Capital, Ltd.*

DEBEVOISE & PLIMPTON LLP

By: *Suzanne M. Grosso/MSJ*
David W. Rivkin
John B. Missing
Suzanne M. Grosso

919 Third Avenue
New York, New York 10022
Tel. (212) 909-6000

*Attorneys for*
*Plaintiff EM Ltd.*

Tel. (212) 225-2000

*Attorneys for*
*Defendant the Republic of Argentina*

DORSEY & WHITNEY LLP

By: _____
Mark S. Sullivan
Mario Diaz-Cruz, III

250 Park Avenue
New York, NY 10177
Tel. (212) 415-9200

*Attorneys for*
*Defendant Banco de la Nación Argentina*

So Ordered:

_____
Hon. Thomas P. Griesa, USDJ

September 24, 2010

4