RECEIVED
NOV 24 2010
U.S.D.C. S.D. N.Y.
CASHIERS

DEBEVOISE & PLIMPTON LLP
  David W. Rivkin
  John B. Missing
  Suzanne M. Grosso
  (dwrivkin@debevoise.com)
  (EM@debevoise.com)
919 Third Avenue
New York, New York  10022
Tel. (212) 909-6000
  *Attorneys for Plaintiff EM Ltd.*

DECHERT LLP
  Robert A. Cohen
  Dennis H. Hranitzky
  Eric Kirsch
  (robert.cohen@dechert.com)
  (NML@dechert.com)
1095 Avenue of the Americas
New York, New York  10036
Tel. (212) 698-3500
  *Attorneys for Plaintiff NML Capital, Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

EM LTD and NML CAPITAL, LTD.,

    Plaintiffs,

v.

THE REPUBLIC OF ARGENTINA and
BANCO DE LA NACIÓN ARGENTINA,

    Defendants.

---------------------------------------------------x

08 Civ. 7974 (TPG)

**AMENDED COMPLAINT**

      Plaintiffs NML Capital, Ltd. ("NML"), through its attorneys Dechert LLP, and EM Ltd.

("EM"), through its attorneys Debevoise & Plimpton LLP (together "Plaintiffs"), bring this

action for declaratory judgment against Banco de la Nación Argentina ("BNA") and the

Republic of Argentina ("Argentina"), and for money judgments against BNA, as the alter ego of

Argentina, and allege as follows:

**PRELIMINARY STATEMENT**

      1.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and

Federal Rule of Civil Procedure 57 to determine and resolve questions of actual controversy

involving the relationship between BNA and Argentina ("Complaint").  In addition, Plaintiffs

seek money judgments adjudging BNA, as Argentina's alter ego, jointly and severally liable to satisfy the judgments that have been awarded, or will be awarded, to Plaintiffs against Argentina based on Argentina's default on its external sovereign debt.

2.      In connection with Argentina's default on its external sovereign debt in late 2001, EM and NML each has a final, non-appealable money judgment against Argentina, and NML has been granted summary judgment on claims for damages in five other actions. Argentina has not paid these judgments, and has gone to great lengths to frustrate any attempt by its creditors to enforce these judgments, including moving its assets out of the United States so that Argentina's creditors cannot reach them. Thus, EM and NML's judgments remain entirely unsatisfied.

3.      Argentina presently has assets in New York and elsewhere in the United States in the form of debts, tangible property and intangible property, held nominally in the name of BNA, which are available to satisfy, at least in part, EM and NML's outstanding judgments against Argentina pursuant to N.Y. C.P.L.R. § 5201. This property belongs to Argentina because Argentina dominates and controls BNA, an Argentine state-owned bank, to such an extent that BNA is Argentina's alter ego—as set forth in the Declaration of Professor Gerard Caprio, an internationally-recognized economist, former World Bank official and expert in state-owned banks in developing countries, that accompanies the motion for attachment and restraining orders filed simultaneously with Plaintiffs' initial Complaint. Declaration of Gerard Caprio, Jr., Ph.D., dated September 10, 2008 ("Caprio Decl.").

4.      Argentina's dominance over BNA is wide-ranging, extending throughout BNA's activities, and Argentina has displayed a dominating hand in directing the use of BNA's assets and profits. Argentina dictates how and with whom BNA is to conduct its banking business – forcing the bank to give effect to the government's political objectives rather than allowing the

bank to operate on commercial criteria. In addition, outside of the banking context, Argentina operates BNA as a *de facto* administrative agency – in some cases, even appropriating its personnel and real estate. And Argentina enforces these powers by making BNA dependent on the government for its financial survival, and its officers dependent on government favor for their jobs. Most recently, Argentina has "borrowed" billions of dollars from BNA's coffers on terms that are exceedingly favorable to the government. In sum, Argentina utterly dominates the business, management and day-to-day operations of BNA.

      5.    Thus, a principal-agent relationship exists between Argentina and BNA, and the assets of BNA – like any other commercial assets of Argentina – are available to satisfy Plaintiffs' judgments. It would be manifestly unjust to give effect to the legal fiction that BNA and Argentina are technically separate, especially where Argentina has exploited this fiction in its ongoing wrongful efforts to avoid paying its creditors.

<b><u>THE PARTIES</u></b>

      6.    Plaintiff EM is a limited liability corporation organized under Cayman Islands law with its registered office at Queensgate House, 113 South Church Street, George Town, Grand Cayman, Cayman Islands.

      7.    Plaintiff NML is a limited liability corporation organized under Cayman Islands law with its registered office at Huntlaw Corporate Services, The Huntlaw Building, 75 Fort Street, PO Box 1350, Grand Cayman, Cayman Islands.

      8.    Defendant Argentina is a foreign state as defined under 28 U.S.C. § 1603(a).

      9.    Defendant BNA, both as an agency or instrumentality of Argentina and as an alter ego of Argentina, is a foreign state as defined under 28 U.S.C. § 1603(a). BNA is headquartered at Bartolome Mitre 326, 1036, Buenos Aires, Argentina, and maintains a branch at 225 Park

Avenue, New York, New York 10017.  In addition to its Argentine home office and branches and its New York branch, BNA has an agency in Miami, Florida, and maintains branches in the Cayman Islands, Spain, and throughout Latin America.

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1605(a)(1) because Argentina has consented to the jurisdiction of this Court and waived any claim of immunity with respect to this action – including but not limited to sovereign immunity – pursuant to Section 22 of an October 19, 1994 Fiscal Agency Agreement (the "FAA").  In the FAA, which governs both EM's and NML's bonds, Argentina "irrevocably waive[d] and agree[d] not to plead any immunity from the jurisdiction of any [] court to which it might otherwise be entitled" in connection with any action to enforce a judgment based on the Plaintiffs' bonds – including this action.  The terms and conditions of these bonds extend this waiver to any action to enforce such a judgment against any of Argentina's "revenues, assets or properties." This waiver is imputed to BNA as the alter ego of Argentina.

11.     This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1330(a) and 1605(a)(2) because Plaintiffs' claims are based upon commercial activities that Argentina undertakes in the United States, and upon commercial activities that BNA undertakes in the United States both as fiscal agent for and as the alter ego of Argentina.

12.     This Court has personal jurisdiction over Argentina and BNA pursuant to 28 U.S.C. § 1330(b), which extends personal jurisdiction over a foreign state that is not immune from suit and that has been properly served with process pursuant to 28 U.S.C. § 1608(a).

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(1) because a substantial number of the events and omissions that gave rise to this action, including the entry

of the EM and NML Judgments, and Argentina's movement of assets to avoid satisfying Plaintiffs' judgments, occurred in this District, and BNA maintains assets in New York against which Plaintiffs can enforce their judgments.

## FACTUAL ALLEGATIONS

I. **Plaintiffs' Judgments And Anticipated Judgments Against Argentina.**

    A) **NML.**

    14.     NML was the plaintiff in five actions in which final judgments were rendered against Argentina, *NML Capital, Ltd. v. Republic of Argentina,* 03 Civ. 8845 (TPG) ("*NML I*"), *NML Capital, Ltd. v. Republic of Argentina,* 05 Civ. 2434 (TPG) ("*NML II*"); *NML Capital, Ltd. v. Republic of Argentina,* 06 Civ. 6466 (TPG) ("*NML III*"); *NML Capital, Ltd. v. Republic of Argentina,* 07 Civ. 2690 (TPG) ("*NML V*"); and *NML Capital, Ltd. v. Republic of Argentina,* 08 Civ. 3302 (TPG) ("*NML VIII*"); and is the plaintiff in six other actions pending before this Court asserting claims for breach of contract based on defaulted sovereign debt issued by Argentina: *NML Capital, Ltd. v. Republic of Argentina,* 07 Civ. 1910 (TPG) ("*NML IV*"); *NML Capital, Ltd. v. Republic of Argentina,* 07 Civ. 6563 (TPG) ("*NML VI*"); *NML Capital, Ltd. v. Republic of Argentina,* 08 Civ. 2541 (TPG) ("*NML VII*"); *NML Capital, Ltd. v. Republic of Argentina,* 08 Civ. 6978 (TPG) ("*NML IX*"); *NML Capital, Ltd. v. Republic of Argentina,* 09 Civ. 1707 (TPG) ("*NML X*"); and *NML Capital, Ltd. v. Republic of Argentina,* 09 Civ. 1708 (TPG) ("*NML XI*")

    15.     All eleven of these actions sought or seek money damages from Argentina based on its failure to make contractually-mandated principal and interest payments on debt beneficially owned by NML and issued by Argentina under the FAA.

    16.     Final judgment for $284,184,632 was entered for NML in *NML I* on December 18, 2006. Post-judgment interest accrues on the judgment at the federal statutory rate of 4.95%.

17.     Final judgment for $283,131,302 was entered for NML in *NML II* on May 29, 2009, as amended on June 15, 2009.  Post-judgment interest accrues on the judgment at the federal statutory rate of 0.47%.

18.     Final judgment for $533,378,361 was entered for NML in *NML III* on May 29, 2009, as amended on June 15, 2009.  Post-judgment interest accrues on the judgment at the federal statutory rate of 0.47%.

19.     Summary judgment for $71,598,000 in principal, with interest yet to be calculated, was granted to NML in *NML IV* on April 10, 2008.  NML calculates that the amount of prejudgment interest owed by Argentina in *NML IV* was of May 27, 2010 is $97,825,928.

20.     Final judgment for $148,781,936 was entered for NML in *NML V* on May 29, 2009, as amended on June 15, 2009.  Post-judgment interest accrues on the judgment at the federal statutory rate of 0.47%.

21.     Summary judgment for $300,000 in principal, with interest yet to be calculated, was granted to NML in *NML VI* on April 10, 2008.  NML calculates that the amount of prejudgment interest owed by Argentina in *NML VI* as of May 27, 2010 was $436,634.

22.     Summary judgment for $16,719,628 in principal, with interest yet to be calculated, was granted to NML in *NML VII* on March 4, 2009.  NML calculates that the amount of prejudgment interest owed by Argentina in *NML VII* as of May 27, 2010 was $23,461,380.

23.     Final judgment for $290,270,631 was entered for NML in *NML VIII* on May 29, 2009, as amended on June 15, 2009.  Post-judgment interest accrues on the judgment at the federal statutory rate of 0.47%.

24.     NML filed the complaint in *NML IX* on September 5, 2008. NML's claims in this action are for $81,080,000 in principal plus prejudgment interest, which NML calculates is $111,707,174 as of May 27, 2010.

25.     NML filed the complaint in *NML X* on February 24, 2009 NML's claims in this action are for $30,000 in principal plus prejudgment interest, which NML calculates was $310,446 as of May 27, 2010.

26.     NML filed the complaint in *NML XI* on February 24, 2009 NML's claims in this action are for $156,570,549 in principal plus prejudgment interest, which NML calculates was $205,935,114 as of May 27, 2010.

**B)     EM.**

27.     On April 10, 2003, EM filed an action against Argentina in this Court, *EM Ltd. v. Republic of Argentina*, No. 03 Civ. 2507 (TPG), seeking to recover more than $700 million in principal and accrued interest that Argentina owed to it on bonds it beneficially owns. EM's claims arise from the same debt default as gave rise to NML's claims.

28.     The Court entered an amended final judgment in the amount of $724,801,662.56 in favor of EM on October 27, 2003, which became final and non-appealable on November 30, 2004. Post-judgment interest accrues on the judgment at the federal statutory rate of 1.3%.

**II.     BNA Is Argentina's Alter Ego.**

29.     Where a state-owned entity like BNA is so extensively controlled by its sovereign parent that a principal-agent relationship exists between them, or when giving effect to the nominal separateness of the state-owned entity would work fraud or injustice, courts have held that the state-owned entity may be held liable for the debts of the state, and *vice versa*. *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba* ("*Bancec*"), 462 U.S. 611, 629

(1983). Argentina dominates BNA's activities to such an extent that its relationship with BNA is clearly one of principal-agent. Thus, BNA qualifies, under the *Bancec* standard, as Argentina's alter ego.

30.     Argentina's day-to-day dominance over BNA and BNA's assets is demonstrated through, among other things:  (1) Argentina's control of BNA's banking business and lending practices, including forcing the bank to give effect to the government's political objectives rather than allowing the bank to operate on commercial criteria; (2) Argentina's use of BNA as an administrative arm of the government; (3) Argentina's history of appointing BNA's leadership based on their allegiance to the government rather than their banking qualifications, and of firing BNA's leaders who refuse to do the government's bidding; (4) BNA's unprofitability, which is caused by Argentina's control, manipulation and draining of BNA's funds, and which renders BNA utterly dependent on Argentina for its survival, and (5) Argentina's recent "borrowing" of billions of dollars from BNA's coffers on terms that are exceedingly favorable to the government. .

## III.    Recognizing BNA As Separate From Argentina Would Work Fraud And Injustice.

31.     Any argument that BNA's nominal independence should be recognized to shield BNA's assets from Argentina's creditors would unjustly ignore Argentina's manipulation of BNA to avoid its judgment creditors.  Such a recognition would also ignore the ways in which Argentina uses BNA as its alter ego.

32.     Argentina has used BNA to avoid paying the legitimate claims and judgments of creditors like NML and EM.  In February 2004, Argentina's then-Cabinet Chief, Alberto Fernandez, boasted that the government had taken steps to ensure that "the assets of the country

are safe from the threat of attachments requested by foreign creditors," and described measures

taken to avoid paying the judgments against it, which included:

> Reserves of the Central Bank of the Argentine Republic on deposit
> in New York banks have been withdrawn, *funds on deposit in the
> New York branch of Banco Nación have been repatriated*, and
> salaries of Argentine officials posted to other countries are being
> deposited in Argentina or paid in the form of cash sent via
> diplomatic pouch, which has immunity.

33.    *The Government Is Protecting Itself From Attachment,* LA NACION (Feb. 5, 2004)

(emphasis added).  And in February 2004, Felisa Miceli (then BNA's President) announced that

the bank had taken the necessary precautions to ensure that "no asset of the bank is attached" by

way of an order from a foreign court.  *Nación Will Lead the Negotiations with Local Creditors,*

EL PERIODICAL AUSTRAL (Feb. 16, 2004).

## COUNT I

### (For Declaratory Judgment)

34.    EM and NML repeat and reallege each and every allegation of Paragraphs 1

through 33 of this Complaint as set forth herein.

35.    A justiciable and actual controversy exists before this Court with respect to

whether BNA is the alter ego of Argentina.  A declaratory judgment resolving this question is

likely to (1) prevent future harm to EM and NML resulting from Argentina's abuse of BNA's

nominal independence to shield its assets from its creditors, (2) clarify or settle the legal rights of

the parties to this action, and/or (3) terminate a principal source of the insecurity and/or

controversy that brought about this action.

36.    An instrumentality like BNA is the alter ego of its parent state when the parent

state controls the instrumentality so extensively that a principal-agent relationship exists between

them, or where giving effect to the nominal separateness of the instrumentality would work fraud or injustice.

37.     In this case, Argentina undoubtedly controls BNA.   Moreover, the nominal distinction between Argentina and BNA is illusory and only serves to aid Argentina in improperly shielding its assets from creditors like EM and NML.   Specifically, giving effect to BNA's nominal separateness from Argentina would unjustly deprive EM and NML of the ability to recover tens of millions of dollars worth of assets located in New York, which, although nominally held by BNA, are actually controlled by Argentina.

## COUNT II

(For Money Judgment Against BNA In Favor Of EM)

38.     EM repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

39.     On October 27, 2003, this Court entered judgment in favor of EM against Argentina for $724,801,662.56.  The judgment became final and non-appealable on November 30, 2004.

40.     As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations.   Accordingly, EM is entitled to judgment expressly adjudging BNA jointly and severally liable for its judgment against Argentina.

## COUNT III

(For Money Judgment Against BNA In Favor Of NML)

41.     NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

42.    On December 18, 2006, this Court entered judgment in *NML I* against Argentina for $284,184,632.30.  The judgment in *NML I* became final and non-appealable on February 16, 2007.

43.    As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations.  Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for its judgment against Argentina in *NML I*.

## COUNT IV

(For Money Judgment Against BNA In Favor Of NML)

44.    NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

45.    On May 29, 2009, as amended June 15, 2009, this Court entered judgment in *NML II* against Argentina for $283,131,302.

46.    As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations.  Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for its judgment against Argentina in *NML II*.

## COUNT V

(For Money Judgment Against BNA In Favor Of NML)

47.    NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

48.    On May 29, 2009, as amended June 15, 2009, this Court entered judgment in *NML III* against Argentina for $533,378,361.

49.     As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations.  Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for its judgment against Argentina in *NML III.*

## COUNT VI

(For Money Judgment Against BNA In Favor Of NML)

50.     NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

51.     NML expects to be awarded judgment against Argentina in *NML IV.*  As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations. Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for any judgment awarded against Argentina in *NML IV.*

## COUNT VII

(For Money Judgment Against BNA In Favor Of NML)

52.     NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

53.     On May 29, 2009, as amended June 15, 2009, this Court entered judgment in *NML V* against Argentina for $148,781,936.

54.     As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations.  Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for its judgment against Argentina in *NML V.*

12

## COUNT VIII

### (For Money Judgment Against BNA In Favor Of NML)

55.     NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

56.     NML expects to be awarded judgment against Argentina in *NML VI*. As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations. Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for any judgment awarded against Argentina in *NML VI*.

## COUNT IX

### (For Money Judgment Against BNA In Favor Of NML)

57.     NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

58.     NML expects to be awarded judgment against Argentina in *NML VII*. As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations. Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for any judgment awarded against Argentina in *NML VII*.

## COUNT X

### (For Money Judgment Against BNA In Favor Of NML)

59.     NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

60.     On May 29, 2009, as amended June 15, 2009, this Court entered judgment in *NML VIII* against Argentina for $290,270,631.

61.    As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations.  Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for its judgment against Argentina in *NML VIII*.

## COUNT XI

(For Money Judgment Against BNA In Favor Of NML)

62.    NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

63.    NML expects to be awarded judgment against Argentina in *NML IX*.  As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations. Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for any judgment awarded against Argentina in *NML IX.*

## COUNT XII

(For Money Judgment Against BNA In Favor Of NML)

64.    NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

65.    NML expects to be awarded judgment against Argentina in *NML X*.  As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations. Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for any judgment awarded against Argentina in *NML X*.

## COUNT XIII

(For Money Judgment Against BNA In Favor Of NML)

66.    NML repeats and realleges each and every allegation of paragraphs 1 through 33 of this Complaint as set forth herein.

14

67.   NML expects to be awarded judgment against Argentina in *NML XI*. As the alter ego of Argentina, BNA is jointly and severally liable for all of Argentina's obligations. Accordingly, NML is entitled to judgment expressly adjudging BNA jointly and severally liable for any judgment awarded against Argentina in *NML IX*.

WHEREFORE, based on the allegations set forth above and/or additional facts that will be revealed through discovery, EM and NML pray for judgments against BNA and Argentina:

a.   declaring, pursuant to 28 U.S.C. § 2201, that BNA is the alter ego of Argentina,

b.   adjudging BNA jointly and severally liable for the judgments that have been awarded, and that will be awarded, to EM and NML against Argentina based on Argentina's default on its sovereign debt,

c.   awarding money damages against BNA in the amount of EM and NML's final judgments against Argentina and post-judgment interest, as well as the judgments that will be awarded in *NML II, NML III, NML IV, NML V, NML VI, NML VII, NML VIII,* and *NML IX*.

d.   for interest, costs, fees and other expenses associated with this action, including reasonable attorney fees, and

e.   such other legal or equitable relief as this Court deems just and proper.

Dated:   November 24, 2010
          New York, New York

                          Respectfully submitted,

DEBEVOISE & PLIMPTON LLP          DECHERT LLP

By: _____        By: _____
    David W. Rivkin                    Robert A. Cohen
    John B. Missing                    Dennis H. Hranitzky
    Suzanne M. Grosso                  Eric Kirsch
    (dwrivkin@debevoise.com)           (robert.cohen@dechert.com)
    (EM@debevoise.com)                 (NML@dechert.com)
919 Third Avenue                   1095 Avenue of the Americas
New York, New York  10022          New York, New York  10036
Tel. (212) 909-6000                Tel. (212) 698-3500

*Attorneys for*                    *Attorneys for*
*Plaintiff EM Ltd.*                *Plaintiff NML Capital, Ltd.*

16

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I am over the age of eighteen, not a party to the above-captioned action and reside in Rockland County, New York. That on the 24th day of November 2010, I caused to be served by hand a true and exact copy of the AMENDED COMPLAINT upon the following:

| | |
|---|---|
| Carmine D. Boccuzzi Jr., Esq.<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY  10006 | Mark S. Sullivan, Esq.<br>Dorsey & Whitney LLP<br>250 Park Avenue<br>New York, NY  10177-1500 |

Dated: New York, New York
      November 24, 2010

LUIS A. LOPEZ